

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00002-CV
_____

IN RE THE COMMITMENT OF WESLEY WAYNE GEE

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-25-47208

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A jury found beyond a reasonable doubt that Wesley Wayne Gee is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a) (Supp.) ("A person is a sexually violent predator for the purposes of this chapter if the person: (1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence."). Gee does not challenge the sufficiency of the evidence to support that finding. Based on the jury's finding, the trial court signed an order of commitment.

In his sole issue, Gee contends the trial court erred by overruling his objection to the State's allegedly improper jury argument after the State asked the jurors, during closing argument, to imagine whether they would walk away if they saw Gee alone with a young child in a store. We affirm the trial court's judgment.

## I.     Applicable Facts

The State petitioned to have Gee civilly committed as a sexually violent predator. Gee testified that he sexually abused a seven-year-old boy and was convicted and sentenced to six years' imprisonment for that offense. Steven Thorne, a forensic psychologist, testified that after Gee's release from prison, Gee went to live in a home with two adults and their small children, where he sexually assaulted a three-year-old girl by inserting his penis into her vagina during a diaper change. Gee was convicted of aggravated sexual assault of a child and sentenced to twenty years' imprisonment. Thorne diagnosed Gee with pedophilic disorder and testified that Gee suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

During closing arguments, Gee's trial counsel told the jury, "We're not here to look at whether or not it's safe for Mr. Gee to walk through the grocery store. That's not the point. That's not the question. That's not the answer. It's not the point." In its closing argument, the State said, "And I want you to take a minute before you go in, I want you to imagine if you saw Mr. Gee in the world on an aisle alone with a young child in a store, would you walk away?" Gee objected "to improper argument." The trial court overruled Gee's objection.

The jury unanimously found beyond a reasonable doubt that Gee is a sexually violent predator, and the trial court signed an order of commitment. Gee appeals.

## II.     No Improper Closing Argument

In his sole issue, Gee argues that the trial court erred by overruling his objection to the State's closing argument that he characterizes as an improper viewpoint.

### A.     Standard of Review and Applicable Law

In a situation such as this, "[w]e review a trial court's ruling on an objection to closing argument under the abuse of discretion standard." *In re Commitment of Crisp*, 645 S.W.3d 885, 888 (Tex. App.—El Paso 2022, no pet.).

The Texas Rules of Civil Procedure require counsel "to confine the argument strictly to the evidence and to the arguments of opposing counsel." TEX. R. CIV. P. 269(e). "Proper jury argument generally falls into the following areas: (1) the facts of the case; (2) any legitimate inferences, deductions, or conclusions drawn from the evidence; (3) the reasonableness of the evidence and its probative effect; and (4) responses to the arguments of opposing counsel." *In re Commitment of Crisp*, 645 S.W.3d at 889; *Morrison v. Quarrington*, No. 12-22-00302-CV, 2024

WL 2858838, at *19, (Tex. App.—Tyler May 15, 2024, pets. denied) (mem. op.) (citing TEX. R. CIV. P. 269(b); *In re Commitment of Crisp*, 645 S.W.3d at 889). "[A]ppeals to the jury to place themselves in the shoes of a litigant generally are improper." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 708 (Tex. App.—Dallas 2008, no pet.).

> In the case of improper jury argument, the complainant must prove a number of things. He has the burden to prove (1) an error (2) that was not invited or provoked, (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial, and (4) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge.

*Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979); *see In re Commitment of Summers*, No. 01-19-00738-CV, 2021 WL 3776751, at *14 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.). "To preserve error as to improper jury argument, the complaining party must timely object, secure a ruling, and request a retraction or curative instruction unless the argument is so egregious as to be incurable." *In re Space Expl. Techs. Corp.*, 716 S.W.3d 576, 582 (Tex. 2025) (orig. proceeding). "Harm from improper jury argument is usually curable by a 'retraction of the argument or instruction from the court.'" *Alonzo v. John*, 689 S.W.3d 911, 913 (Tex. 2024) (per curiam) (quoting *Living Ctrs. of Tex., Inc. v. Penalver*, 256 S.W.3d 678, 680 (Tex. 2008) (per curiam)). "Incurable argument is rare." *In re Space Expl.*, 716 S.W.3d at 582. However, there are "rare instances the probable harm or prejudice cannot be cured. In such instances the argument is incurable and complaint about the argument may be made even though objection was not timely made." *Living Ctrs. of Tex.*, 256 S.W.3d at 680.

In instances where a complaining party objected to jury argument in the trial court but did not address other *Reese* steps with the trial court, courts have reviewed the trial court's decision on the objection for abuse of discretion. *In re Commitment of Crisp*, 645 S.W.3d at 888 (citing *In re Commitment of Hill*, 621 S.W.3d 336, 345 (Tex. App.—Dallas 2021, no pet.)).

**B.      Analysis**

Given that Gee's "like[lihood] to engage in a predatory act of sexual violence"[1] was at issue, we find no abuse of discretion in the trial court's decision.

Our sister court in Eastland considered the State's argument: "I want to ask you, if you saw [Appellant] in an apartment with little girls, would you think that these little girls are safe?" *In re Commitment of White*, No. 11-20-00038-CV, 2021 WL 5934674, at *7 (Tex. App.— Eastland Dec. 16, 2021, no pet.) (mem. op.) (alteration in original). The court held that the argument was not improper because the State "did not ask the jury to put themselves into the shoes of a party but instead asked the jury to consider whether other young girls might be at risk." *Id.*

Our sister court in Dallas considered arguments including this: "[H]e wants to go out and counsel victims. Group setting, one-on-one setting. Can you imagine?" *In re Commitment of Hill*, 621 S.W.3d at 344. The court found no abuse of discretion because "the trial court could have concluded it would not be improper for the prosecutor to invite the jury to consider the matter." *Id.* at 345 (citing *In re Commitment of Eeds*, 254 S.W.3d 555, 560 (Tex. App.—

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(2).

5

Beaumont 2008, no pet.)).[2,3]

Here, the State did not ask the jury to put themselves in the shoes of the parties. Instead, the State asked the jurors to consider whether a child would be safe if left alone with Gee. That question went directly to Gee's likelihood of reoffending, which was a disputed element the jury was required to decide. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a). The argument was a permissible comment on the evidence and the issue before the jury. Therefore, the trial court did not abuse its discretion in denying Gee's objection to the State's closing argument.

We overrule Gee's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:      June 23, 2026
Date Decided:      July 27, 2026

---

[2]Our sister court in Dallas went on to address curability, adding, "Even if we concluded the trial court abused its discretion by overruling Hill's objection, Hill fails to show it constituted reversibly harmful error." *In re Commitment of Hill*, 621 S.W.3d at 345.

[3]Our sister court in Beaumont held,

> The jury had to decide if Eeds had a behavioral abnormality that made him likely to engage in a predatory act of sexual violence. Thus, it was entirely appropriate for the jury to consider whether the children Eeds will encounter in stores and homes after his release will be safe from a predatory act of sexual violence.

*In re Commitment of Eeds*, 254 S.W.3d at 560.